# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

WALTER F. BRAKE      *     **DOCKET NO. 07-1307**

VERSUS             *

MICHAEL J. ASTRUE,      *     **MAGISTRATE JUDGE HAYES**
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **REVERSED**, and the matter **REMANDED** for further proceedings.

### Background & Procedural History

On December 31, 2002, and January 13, 2003, respectively, Walter Brake filed the instant applications for Supplemental Security Income payments and Disability Insurance Benefits . (*See*, Tr. 132, 87-89).[1] He alleged disability since August 15, 1997, due to paranoia, depression, panic attacks, agoraphobia, torn rotator cuff, torn biceps, and nerve damage to his neck (Tr. 87,

---

[1] Brake filed prior applications on May 3, 2001, but they were denied at the initial stages of the administrative process and not further appealed. (*See*, Tr. 84-86, 579-583, 626). There is also evidence of additional applications filed in 1998 and 2000. (Tr. 606).

113). The claims were denied initially and upon reconsideration. (*See e.g.*, Tr. 585, 59-60, 66-69, 72-75). Thereafter, Brake requested and received a January 19, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 603-622).[2] On September 13, 2005, the ALJ issued two written decisions, separately addressing each of plaintiff's applications. With respect to Brake's claim for supplemental security income benefits, the ALJ issued a partially favorable decision finding that as of February 3, 2004, Brake was disabled pursuant to Rule 201.19 of the Medical-Vocational Guidelines. (Tr. 15-33). However, for the period prior to February 3, 2004, he determined that Brake was not disabled. *Id.*

In his decision addressing Brake's claim for disability insurance benefits, the ALJ determined that Brake was not disabled through the date that he was last insured,[3] finding at Step Five of the sequential evaluation process that he was able to make an adjustment to work that exists in substantial numbers in the national economy. (Tr. 623-635). Brake appealed the decision denying his application for disability insurance benefits to the Appeals Council. (*See*, Tr. 14). On June 9, 2007, the Appeals Council denied Brake's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 7-9)

On August 10, 2007, Brake filed the instant suit to review solely the Commissioner's decision denying his application for disability insurance benefits.[4] He alleges the following

---

[2] The ALJ held a supplemental hearing on April 7, 2005. (Tr. 588-602).

[3] Brake remained insured for Title II benefits only through March 31, 2002. (Tr. 627, 633).

[4] The court observes that at the time Brake filed his application and when he filed suit, he appeared to be a resident of California. (Tr. 89; [doc. # 5]). Accordingly, venue is not proper in the Western District of Louisiana. 42 U.S.C. § 405(g). However, venue is not jurisdictional, and any right to object has been waived by the government. *Weinberger v. Salfi*, 422 U.S. 749,

errors:

> (1)    the ALJ's residual functional capacity is not supported by substantial evidence; and

> (2)    the ALJ's affirmation that the testimony of the vocational expert is not in conflict with the Dictionary of Occupational Titles is not supported by substantial evidence.

## **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340,

---

763-764, 95 S.Ct. 2457, 2466 (1975); Fed.R.Civ.P. 12(h)(1). Although the court may raise improper venue sua sponte, it declines to do so here in the joint interests of judicial efficiency and fairness. *Jama v. Gonzales*, 431 F.3d 230, 233 (5th Cir. 2005) (unfair to require parties to relitigate anew in a different forum). Counsel is cautioned not to perpetuate this practice.

343-44 (5th Cir. 1988).  The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary.  *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **Determination of Disability**

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).   Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

    (1)      An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

    (2)      An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)     An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)     If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)     If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## **Analysis**

At the outset, the court emphasizes that the relevant period in this matter extends from October 5, 2001, the date that Brake's prior application was finally denied, until March 31, 2002, the date that he was last insured.  (*See*, Tr. 626-627). For this period, the ALJ determined at Step Two of the sequential evaluation process that Brake suffered severe impairments of rotator cuff tear, status post repair times four; cervical radiculopathy; and degenerative disc disease of the lumbar spine.  (Tr. 629, 634).  However, the ALJ concluded that the impairments were not severe

enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id.*

The ALJ next determined that during the relevant period, Brake retained a residual functional capacity for a "full range of light work reduced by the ability to occasionally climb (but not ladders, ropes or scaffolds), balance, stoop, kneel and crouch, but never crawl, sit for 4 hours of an 8 hour workday, walk and stand for 6 hours of an 8-hour workday, and a limited ability to reach and handle with the left upper extremity." (Tr. 631, 634).[5]

In his physical residual functional capacity assessment, the ALJ adopted the August 21, 2001, examination findings of consultative physician, Jenness Courtney III, M.D. (Tr. 304-308). Courtney opined that Brake should not perform excessive duties above chest level, and that his ability to lift with his left arm was restricted due to a biceps tear and shoulder joint instability. *Id.* Courtney further noted that Brake should refrain from occasionally or frequently lifting more than ten pounds. *Id.* He should also avoid prolonged sitting more than one hour at a time. *Id.* However, Brake could sit for a total of four hours in an eight hour day. *Id.* Standing and

---

[5] Light work entails:

> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

walking were permitted up to six hours in an eight hour day.  *Id*.  He should avoid excessive

bending, stooping, or crouching, and not crawl at all.  *Id*.

Plaintiff contends that at a minimum, it is ambiguous whether the lifting restrictions

assigned by Dr. Courtney apply bilaterally or only to the left upper extremity.  The undersigned

submits that any ambiguity was resolved by a February 8, 2003, consultative examination which

assigned lifting limitations consistent with the light exertional level and reaching restrictions

associated solely with the left upper extremity.  (Tr. 309-313).[6]  Although this examination is

outside the relevant period, there is no indication of any intervening change in plaintiff's physical

condition since the date that he was last insured.

Even if the ALJ erred in his characterization of Dr. Courtney's findings, any error was

harmless.  *See*, *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (procedural perfection in

administrative proceedings is not required.).  At the supplemental hearing, the ALJ permitted the

vocational expert ("VE") to review Dr. Courtney's findings, as written.  (Tr. 591-592).

Moreover, the ALJ specifically posed hypotheticals which excluded overhead reaching and

lifting more than ten pounds. (Tr. 592-595).  Nonetheless, the VE still opined that Brake could

perform a job (cashier) that exists in substantial numbers in the national economy.  *Id*.

More problematic is the ALJ's determination that plaintiff's mental impairment(s) was

not severe.   In so deciding, the ALJ noted that there was no record of ongoing treatment during

the period in question and that plaintiff reported at the hearing that his mental impairments were

---

[6] Relying upon the March 20, 2003, consultative examination, non-examining agency physicians completed physical residual functional capacity assessment forms consistent with the ALJ's residual functional capacity determination.  (*See*, Tr. 318-328, 362-369).

controlled by medication.  (Tr. 630).

When evaluating the severity of mental impairments, the regulations require that a psychiatric review technique form be completed during the initial and reconsideration phases of the administrative review process.  20 C.F.R. § 1520a(e).  The psychiatric review technique rates the degree of functional limitation in four broad areas:  activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.  20 C.F.R. § 1520a(c).  The ALJ must incorporate the pertinent findings and conclusions of the psychiatric review technique into his decision.  *Id*.  However, an ALJ's failure to complete a psychiatric review technique form is not a substantive error requiring remand, – provided that the ALJ's decision is adequately supported by the record, with due consideration of the different aspects of the claimant's mental condition.  *McGehee v. Chater*, 1996 WL 197435  (5th Cir. Mar. 21, 1996) (unpublished) (citing, *Maya v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1984)).

The instant plaintiff underwent a psychiatric evaluation on March 20, 2003, i.e., almost one year after the relevant period.  (Tr. 314-317).  Relying upon the psychiatric evaluation, non-examining agency physicians completed psychiatric review technique forms and found that Brake suffered from severe mental impairments.  (Tr. 334-347; 370-383).  Critically, the physicians indicated that their assessments encompassed plaintiff's condition from the 1990's through the date that the form was completed.  (*See*, Tr. 334, 370).  In other words, they opined that plaintiff suffered from a severe mental impairment during the relevant period.[7]  Accordingly,

---

[7]  Furthermore, there is no evidence of any appreciable change in plaintiff's mental health from the date that he was last insured to the time of the psychiatric examination.  In fact, Dr. Courtney noted in 2001 that plaintiff's affect suggested depression.  (Tr. 304).

the ALJ's contrary finding is not substantially supported by the record.  This error materially affected the ALJ's residual functional capacity assessment and subsequent Step Five determination.[8]

Plaintiff urges the court to reverse with instructions to award benefits.  The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. §405(g).  When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits.  *See, Ferguson v. Heckler*,  750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits).  The instant record is not so disposed.[9]

---

[8]  The court's initial impression was that the ALJ's error was harmless.  The best evidence of the limitations imposed by plaintiff's mental impairment(s) during the relevant period are the same limitations assessed by the agency physicians in 2003 and adopted by the ALJ in his decision addressing plaintiff's SSI application.  (Tr. 25, 387-389, 329-332).  In that decision, the ALJ implied that he had presented the VE with a hypothetical which included the mental impairment limitations from his residual functional capacity assessment.  (Tr. 27).  However, the supplemental hearing transcript indicates otherwise.  At the supplemental hearing, the ALJ merely asked the VE to assume functional limitations identical to the "paragraph C" criteria on the psychiatric review technique forms.  (Tr. 597).  Yet, the "paragraph C" criteria do not provide the detailed evaluation of the various mental functions required for a mental residual functional capacity assessment (hence the different forms).  SSR 96-8p.  Of course, a hypothetical that does not reasonably incorporate the disabilities and limitations recognized by the ALJ will not support a finding of not disabled.  *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994); *Weimer v. Astrue*,  2008 WL 2604995  (5th Cir. Jul. 1, 2008) (unpubl.).  The defective hypothetical precludes the court from finding that the ALJ's flawed assessment of the severity of plaintiff's mental impairment is harmless.

[9]  The court need not reach plaintiff's remaining assignment of error; the issue can be addressed upon remand.

For the foregoing reasons,

The Commissioner's decision is **REVERSED**, and the matter **REMANDED** for further proceedings in accordance with this opinion.

THUS DONE AND SIGNED at Monroe, Louisiana, this 23rd day of September, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE